PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign from The Florida Bar Pending Disciplinary Proceedings, pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
On November 19,1982, the Board of Governors of The Florida Bar considered Mr. Grayson’s Petition for Leave to Resign (Permanently) Pending Disciplinary Proceedings and unanimously recommended that this Honorable Court approve same.
In his Petition for Leave to Resign Pending Disciplinary Proceedings, the Respondent recites, acknowledges, and admits to the following wrongdoing:
A. His diversion and defalcation of approximately $150,000.00 in funds originally entrusted to him by clients Jacques Chassay *733 and Springtree Development Company during or about November, 1981. (These funds were eventually replaced by the Respondent through his wrongful and unauthorized removal of entrusted funds belonging to other clients, as discussed below).
B. His unauthorized collateralization of stocks and bonds (valued at approximately $52,000.00) belonging to the Estate of Maurice Burke, for a personal loan in the amount of $23,000.00. When the Respondent defaulted on his personal loan, the stocks and bonds were surrendered to the lending institution. (The Respondent has since made the Estate whole, albeit, from entrusted funds wrongfully obtained from other clients).
C. His defalcation of approximately $102,000.00 in entrusted funds from the Estate of Elmer James, during or about November, 1981. (This money, together with an additional $18,000.00, was paid to the successor attorneys for Jacques Chassay to cover the cited deficiencies referenced in subparagraph A).
D. His wrongful removal and defalcation of approximately $180,000.00 in entrusted funds from the Estate of Libby Soklalow, during or about January 19, 1982 through May 6, 1982. Of these funds, approximately $50,000.00 was forwarded as the final installment on the Jacques Chas-say real estate closing, $7,000.00 was utilized for legitimate expenditures in other estates, and $10,000.00 was utilized for the repayment of monies wrongfully removed from the Army/Navy Club account to which the Respondent was a signator. (Based upon an audit conducted by The Florida Bar, it appears that the balance of the entrusted funds were ostensibly utilized for personal expenses).
E. His wrongful removal of $23,000.00 in funds from the Guardianship of Eva Mi-chaels, said monies made payable to the Respondent in his capacity as Personal Representative of the Estate of Eva Michaels. (It is noted that during the course of the Respondent’s representation, Ms. Michaels died and the Guardianship evolved into an Estate).
That as a result of the foregoing, the Respondent has admitted to perpetrating defalcations in the aggregate (bottom-line) amount of $305,800.00.
That the Respondent avers that on or about November 6, 1981, he was the victim of an armed robbery in Dade County, Florida. He was allegedly robbed of $150,000.00 in cash, said monies allegedly representing funds previously entrusted to him by clients. Notwithstanding his averment that he was the victim of a robbery, The Florida Bar’s investigation in this matter clearly indicates that the Respondent has perpetrated defalcations of entrusted funds in the aggregate amount of approximately $305,800.00.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign permanently is hereby approved.
It is so ordered.
ADKINS, Acting C.J, and BOYD, OVERTON, MCDONALD and EHRLICH, JJ., concur.